IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

MARK POORE,

    Plaintiff

V.

PETERBILT OF BRISTOL, L.L.C.

SERVE:    Elizabeth Smith Jones, Registered Agent
             502 Cumberland Street
             Bristol, VA  24201

AND

OMEGA BUSINESS SOLUTIONS, INC.,

SERVE:    John W. Dial, Registered Agent
             199 Ave. K SE
             Winter Haven, FL  33880

    Defendants.

COMPLAINT

    Comes now Plaintiff, Mark Poore, by counsel, who requests a trial by jury and for his Complaint against Defendants Omega Business Solutions, Inc. ("Omega") and Peterbilt of Bristol, L.L.C. ("Peterbilt") states and alleges as follows:

    1. Plaintiff is a resident of the Commonwealth of Virginia.

    2. Defendant Peterbilt is a truck and trailer supplier which both sells and repairs Peterbilt trucks.  Its facility is located in Bristol, Virginia.

    3. Omega is an employee leasing company with which Peterbilt contracts for the lease of its employees and for assistance with functions such as human resources and

payroll. Omega is a Florida corporation which is not registered to do business in Virginia. Formerly there was an entity known as Omega Business Solutions, III, Inc., which was registered to do business in Virginia, but that right was revoked on or about June 30, 2011. According to Omega's website, it is also known as Omega Insurance Solutions, Inc. That entity is qualified to do business in Virginia.

4. Both Omega and Peterbilt are employers within the meaning of the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), the Genetic Information Non Discrimination Act of 2008 and the Age Discrimination in Employment Act ("ADEA").

5. Jurisdiction of this court is founded under the provisions of 28 U.S.C. § 1331.

6. Plaintiff became employed with Peterbilt on May 20, 2005.

7. Plaintiff's position was that of Parts Manager.

8. Plaintiff's date of birth is July 2, 1959.

9. New owners purchased the Peterbilt business on December 18, 2009.

10. One of the new owners was heard to say that Plaintiff was one of the reasons the new owners purchased the dealership.

11. Once the new owners took over the business there were no complaints about Plaintiff's work performance. On the contrary, Plaintiff was told he was doing an outstanding job as had been the case with the previous owner.

12. Plaintiff's wife has a serious health condition, multiple sclerosis. That condition interferes with one or more of life's major activities. She was diagnosed with that condition in May of 2008.

13. Plaintiff's employer provided family health insurance coverage for Plaintiff and his family and since her diagnosis, Plaintiff's wife had incurred significant medical expenses and was expected to incur the same in the future.

14. On January 23, 2010, Peterbilt's office manager provided Plaintiff with a health insurance questionnaire form. Plaintiff was told that he and his wife were to complete the form.

15. The form requested that Plaintiff provide certain genetic information as that term is defined by 42 U.S.C. § 2000ff.

16. On January 26, 2010, Peterbilt's office manager spoke to Plaintiff and asked him when his wife had been diagnosed with multiple sclerosis. The office manager also inquired about Plaintiff's wife's prognosis.

17. On January 29, 2010, Plaintiff was advised that he was being terminated from his position. The only explanation offered to Plaintiff was that the company was going in a different direction.

18. Plaintiff alleges that he was terminated as a direct and proximate result of his wife's medical condition and Plaintiff's association with her.

19. Plaintiff was replaced by a much younger individual with less experience.

20. The person who replaced the Plaintiff was not associated with an individual who has a disability.

21. The individual who replaced plaintiff had not supplied genetic information that could be detrimental to their employment position.

22. At the time of his termination, Plaintiff believed he was an employee of Peterbilt. Later, Plaintiff received a letter from Omega stating that they had terminated him from his position. As a result, Plaintiff has named both Peterbilt and Omega as employers and Defendants in this action. The W-2 form that Omega sent to Plaintiff for the 2010 tax year listed its name as Omega Business Solutions, III, Inc. (That entity's corporate status was revoked by the Virginia State Corporation Commission.)

23. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission Richmond area office. Plaintiff alleged that he was discriminated against in violation of the Americans with Disabilities Act and the Age

Discrimination in Employment Act.  The EEOC also investigated employers for violating the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. §  2000ff and 2000ff-1.

24. On September 2, 2011, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

25. Plaintiff has exhausted his administrative remedies.

26. Plaintiff alleges that Defendants' acts herein in terminating his position was malicious and in knowing violation of the above-referenced acts.

## COUNT I

27. Paragraphs 1 through 26 are hereby realleged.

28. Plaintiff alleges that Defendants willfully and maliciously terminated his employment because of his association with a person with a disability.  In doing so, Defendants are in willful violation of the Americans with Disabilities Act.

29. As a direct and proximate result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, inconvenience and will continue to suffer the same in the future.  Plaintiff has also suffered economic loss and will suffer the same in the future.

WHEREFORE, Plaintiff seeks the following relief against the Defendants:

a. a judgment  in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for compensatory damages.

b. a judgment for lost wages according to proof.

c. a judgment in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for punitive damages.

d. reinstatement to his former position.

    e.    his costs on this behalf expended, including but not limited to reasonable attorney's fees.

    f.    any other permissible equitable relief deemed appropriate by the Court.

## COUNT II

30.  Paragraphs 1 through 29 are hereby realleged.

31.  In collecting genetic information, Defendants were in violation of the Genetic Information Non Discrimination Act of 2008.

32.  As a direct and proximate result of collecting that information, Plaintiff was terminated from his position and has sustained the economic damages and emotional injuries described above.  Defendants' acts in violating the Act were deliberate.

WHEREFORE, Plaintiff seeks the following relief against the Defendants:

    a.    a judgment in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for compensatory damages.

    b.    a judgment for lost wages according to proof.

    c.    a judgment in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for punitive damages.

    d.    reinstatement to his former position.

    e.    his costs on this behalf expended, including but not limited to reasonable attorney's fees.

    f.    any other permissible equitable relief deemed appropriate by the Court.

## COUNT III

33.  Paragraphs 1 through 32 are hereby realleged.

34.  Plaintiff alleges that he was terminated because of his age in deliberate violation of the Age Discrimination in Employment Act.

35. As a direct and proximate result of Defendants' deliberate violation of the Act, Plaintiff has suffered severe economic harm and will continue to suffer the same in the future. In addition, Plaintiff has suffered embarrassment, humiliation and inconvenience and will continue to suffer the same in the future.

WHEREFORE, Plaintiff seeks the following relief against the Defendants:

a. a judgment in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for compensatory damages.

b. a judgment for lost wages according to proof.

c. a judgment in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for punitive damages.

d. reinstatement to his former position.

e. his costs on this behalf expended, including but not limited to reasonable attorney's fees.

f. any other permissible equitable relief deemed appropriate by the Court.

## COUNT IV

36. Paragraphs 1 through 35 are hereby realleged.

37. As mentioned, Plaintiff's employer provided health insurance coverage for his family through a group health insurance policy. Plaintiff had the right under federal law to include his wife under the coverage.

38. Plaintiff alleges that Defendants terminated him and retaliated against him for exercising the rights guaranteed by the Employee Retirement Income Security Act.

39. As a direct and proximate result of Plaintiff exercising those rights, Defendants terminated him from his employment. Said conduct on the part of the Defendants was in direct violation of 29 U.S.C. § 1140.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe economic harm and will continue to suffer the same in the future.

WHEREFORE, Plaintiff demands the following judgment against the Defendants:

a.  for back pay according to proof

b.  for front pay according to proof.

c.  for any medical costs incurred as a result of failing to have insurance coverage.

d.  reinstating Plaintiff to his former position.

e.  an award of his costs on this behalf expended, including but not limited to reasonable attorney's fees.


        Mark Poore
        By Counsel

CURCIO & STOUT
P.O. Box 1478
Bristol, Virginia  24203
276) 466-3377
276) 669-4032 (FAX)

/s/Edward G. Stout, VSB #21076
Counsel for Plaintiff

Jeffrey L. Campbell, Esq.
Campbell & Associates, P.C.
P O Box 986
Marion, VA  24354-0986
276) 496-5544
276) 496-4445

/s/ Jeffrey L. Campbell, VSB #45247
Counsel for Plaintiff