# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **MARK POORE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11CV00088 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **PETERBILT OF BRISTOL,** ) | By: James P. Jones |
| **L.L.C., ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Edward G. Stout, Curcio & Stout, Bristol, Virginia, and Jeffrey L. Campbell, Campbell & Associates, P.C., Marion, Virginia, for Plaintiff; Randy C. Sparks, Jr., Ford & Harrison, L.L.P., Washington, D.C., for Defendants.*

In this civil case, the plaintiff alleges in his Complaint that his employer wrongfully terminated him on account of his age and in violation of the Genetic Information Nondiscrimination Act, as well as other claims. The employer has moved to dismiss the counts based on age and genetic information on the ground that the plaintiff fails to state claims upon which relief can be granted. For the following reasons, the motion will be granted in part and denied in part.

I

The facts, as alleged in the Complaint, and which are accepted for the purposes of the present motion, are as follows.

The plaintiff, Mark Poole, was employed by Peterbilt of Bristol, L.L.C. ("Peterbilt") beginning in May 2005.[1]  Throughout his employment, Peterbilt provided health insurance coverage for Poore and his family.

On December 18, 2009, Peterbilt was purchased by new owners.  The following month, on January 23, 2010, Peterbilt's office manager asked Poore to complete a health insurance questionnaire regarding his family's general medical conditions and medications.  In answering the questionnaire, Poore disclosed that his wife had been diagnosed with multiple sclerosis.[2]  On January 26, 2010, Peterbilt's office manager asked Poore when his wife had been diagnosed with multiple sclerosis and inquired about her prognosis.  Three days later, Poore was terminated from his position without sufficient explanation.  Prior to his termination, there were no complaints about Poore's work performance; in fact, Poore had been told by the new owners that he was doing an outstanding job.  Poore was 50 years old at the time of his termination.  He was eventually replaced by a much younger individual with less experience.

---

[1] Poore claims that he was also employed indirectly by Omega Business Solutions, Inc. ("Omega"), the other defendant in this case.  Omega is an employee leasing company with which Peterbilt contracts for the lease of its employees and for assistance with functions such as human resources and payroll.

[2] While the Complaint does not explicitly state the information requested by the questionnaire, plaintiff's counsel provided this information in oral argument.

As a result of his termination, Poore asserted claims against the defendants for discrimination due to (1) his association with his disabled wife, in violation of the Americans with Disabilities Act ("the ADA"); (2) genetic information collected by the defendants, in violation of the Genetic Information Nondiscrimination Act ("GINA"); (3) his age, in violation of the Age Discrimination in Employment Act ("the ADEA"); and (4) his participation in an employer-sponsored health insurance plan, in violation of the Employee Retirement Income Security Act ("ERISA").

The defendants have moved to dismiss Poore's causes of action under the ADEA and GINA for failure to state claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The motion has been briefed and argued and is ripe for decision.

II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a

motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Id*. at 1951-52.

Applying these standards to the plaintiff's Complaint, the defendants' Motion for Partial Dismissal must be granted in part and denied in part.

A. ADEA CLAIM.

A plaintiff may establish a claim of discrimination by demonstrating through either direct or circumstantial evidence that age discrimination was an impermissible motivating factor in the employer's adverse employment decision. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). Because Poore offers no direct evidence of discrimination, his age discrimination claim is analyzed using the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This framework requires the plaintiff to establish a prima facie case of discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

A prima facie case of age discrimination under the ADEA consists of four elements: (1) the plaintiff is a member of a protected class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *See Hill*, 354 F.3d at 285.

Poore has stated a valid claim for age discrimination. His Complaint sets forth that he was within the protected class and contains allegations that he was terminated, despite performing to his employer's satisfaction, because of his age. Poore's Complaint also alleges that he was replaced by a younger individual with less experience. Such allegations are sufficient to satisfy the pleading standards under *Iqbal*. Thus, I will deny the defendants' Motion for Partial Dismissal as to the plaintiff's age discrimination claim.

B. GINA CLAIM.

Under GINA, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee . . . because of *genetic information with respect to the employee*." 42 U.S.C.A. § 2000ff-1(a) (West Supp. 2011) (emphasis added). "Genetic information" is defined under GINA as information about (1) an individual's genetic tests; (2) the

genetic tests of family members of an individual; or (3) the manifestation of a disease or disorder in family members of an individual.  42 U.S.C.A. § 2000ff(4) (West Supp. 2011).  The regulations issued by the Equal Employment Opportunity Commission clarify that the phrase "manifestation of a disease or disorder in family members" refers to an employee's "family medical history," interpreted in accordance with its normal understanding as used by medical providers.  29 C.F.R. § 1635.3(c)(iii) (2011).

The basic intent of GINA is to prohibit employers from making a "predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in [a] family member."  H.R. Rep. No. 110-28, pt. 3, at 70 (2007).  Congress included family medical history in the definition of "genetic information" because it understood that employers could potentially use family medical history "as a surrogate for genetic traits."  H.R. Rep. No. 110-28, pt. 1, at 36 (2007); *see also* S. Rep. No. 110-48, at 16 (2007).  For instance, a consistent history of an inheritable disease in an individual's family may be viewed to indicate that the individual himself is at an increased risk for that disease.  However, the fact that an individual family member merely has been diagnosed with a disease or disorder is not considered "genetic information" if "such information is taken into account only

with respect to the individual in which such disease or disorder occurs and not as genetic information with respect to any other individual." H.R. Rep. No. 110-28, pt. 2, at 27 (2007); *see also* Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed. Reg. 68,917 (Nov. 9, 2010).

Poore's Complaint fails to state a violation of GINA because the information Poore contends was obtained by Peterbilt does not constitute "genetic information with respect to the employee." Poore simply disclosed that his wife had been diagnosed with multiple sclerosis, and Peterbilt's office manager later inquired about the date of her diagnosis and her prognosis. The fact that Poore's wife was diagnosed with multiple sclerosis has no predictive value with respect to Poore's genetic propensity to acquire the disease. Furthermore, there is no allegation that Peterbilt used Poore's wife's diagnosis to forecast the tendency of any other individual to contract multiple sclerosis — Poore explicitly alleges that he was terminated as a result of "his wife's medical condition and [his] association with her." (Pl.'s Compl. 3.) While he may have a claim for discrimination on the basis of a manifested condition under the ADA, Poore's termination does not constitute discrimination under GINA.

III

Accordingly, the defendants' Motion for Partial Dismissal (ECF No. 6) is GRANTED IN PART and DENIED IN PART.  The motion is denied as to the plaintiff's ADEA claim, but granted as to his GINA claim and Count Two of the plaintiff's Complaint is DISMISSED.

It is so **ORDERED**.

ENTER: April 4, 2012

/s/  James P. Jones
United States District Judge